IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL JONES,#420-162      *
     Plaintiff,

                     *

     v.                      CIVIL ACTION NO. CCB-14-2391

                     *

DR. AVA JOUBERT ,
DAWN HAWK, RN      *
KRISTY CORTEZ
JAMES HUNT      *
BILL BEEMAN
WEXFORD HEALTH, INC.,      *
     Defendants.

                 ******

**MEMORANDUM**

Michael Jones is suing Ava Jourbert,[1] M.D., Dawn Hawk, R.N., Kristi Cortez, R.N., James Hunt, R.N., Bill Beeman, R.N., and Wexford Health Sources, Inc. ("Wexford") (hereinafter collectively referred to as "Defendants") pursuant to 42 U.S.C. § 1983. (ECF 1). Defendants, by their counsel, have filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF 12).   Jones, who is self-represented, has filed a response in opposition. (ECF 14).  The pending dispositive motion shall be resolved without need for a hearing, in conformity with Local Rule 105.6 (D. Md. 2014). For the reasons outlined below, defendants' motion to dismiss will be denied in part and granted in part.

**BACKGROUND**

Jones is a Maryland Division of Correction inmate who is presently incarcerated at North Branch Correctional Institution ("NBCI").  He claims that in October 2013, he sustained hip, knee, and ankle injuries while incarcerated at an Ohio state prison.  Jones claims he brought his

---

[1]  The order will spell defendant Ava Jourbert's last name as it appears in the motion to dismiss. (ECF 12).

medical concerns to the attention of NBCI medical providers who prescribed Ibuprofen for his chronic pain. Jones alleges the Ibuprofen was ineffective in managing his pain, and after he informed defendants of this, they failed to prescribe another pain medication. Jones avers his pain is so intense that he can barely walk on his left leg, he has trouble sleeping at night, and he has "been dealing with this [for] 7 month[s]." (ECF 14 at 1). Jones claims he has informed defendants about his condition in person and in sick call slips. (ECF 1). He asserts that since July 2012, Wexford has had actual or constructive knowledge that prison medical staff engaged in conduct posing a pervasive and unreasonable risk of injury to him and inmates like him and was aware medical staff was denying him medication to manage his pain. *Id.* at 5-6.

Jones claims he has received constitutionally inadequate medical care in violation of his rights under the Eighth Amendment. He seeks $25,000 in compensatory damages and $50,000 in punitive damages against each defendant and revocation of the individual providers' medical licenses.[2]

## DISCUSSION

### A. Standard of Review

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The

---

[2] To the extent Jones seeks to have defendants' medical licenses revoked, he may seek recourse by contacting the Maryland Board of Physicians or the Maryland Board of Nursing. Medical licensing is a matter of state law. This court expresses no opinion as to the merit of such claims.

mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

Although documents "filed pro se [are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted), the requirements of liberal construction do not permit the court to ignore a clear failure to allege facts establishing a federal claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## B. Analysis

Defendants move to dismiss this claim, asserting Jones has failed to allege facts sufficient to state a claim of inadequate medical care in violation of the Eighth Amendment.  Additionally, they argue Jones has failed to set forth facts to premise a claim against Wexford on the basis of supervisory liability.  Alternatively, defendants claim to be entitled to qualified immunity.

3

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate the defendants' acts (or failure to act) amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Objectively, the medical condition at issue must be serious.  *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (stating there is no expectation that prisoners will be provided with unqualified access to health care). Subjectively, deliberate indifference to a serious medical need requires proof that the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839-40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997).  If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm ultimately was not averted."  *See Farmer*, 511 U.S. at 844.  In essence, the treatment rendered "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or malpractice does not rise to the level of a constitutional violation. *See Estelle*, 429 U.S. at 106.

Defendants do not dispute Jones' alleged medical conditions evidence a serious medical need.  Rather, defendants state Jones received medical care for his pain, albeit not the medical care he prefers.  Defendants assert they have not acted with deliberate indifference to Jones' medical needs and the treatment he received does not shock the conscience.

Jones claims he can barely walk and pain prevents him from sleeping. He claims

4

defendants are aware the medication prescribed, Ibuprofen, is ineffective in alleviating his pain, yet they have provided no other medication or treatment despite his requests for additional pain management.  There is no indication as to the continuing cause of Jones' pain, whether he has received a diagnosis as to its source, or whether any treatment other than medication is available.

That Jones received some treatment does not necessarily foreclose his Eighth Amendment claim. *See, e.g.*, *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (stating an inmate with rheumatoid arthritis had raised a plausible Eighth Amendment claim where prison medical providers knew the plaintiff was in continuous pain for ten months, the plaintiff had reported the medication was ineffective, and medical providers persisted in the same course of treatment).  Here, Jones has alleged suffering severe and continuing pain, receiving no treatment other than Ibuprofen, and defendants' awareness of its inefficacy.  Accepting the allegations of the complaint as true and construing the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff, as this court must in evaluating a motion to dismiss, Jones has alleged a plausible claim of an Eighth Amendment violation.

Defendants also contend the claims against Wexford[3] should be dismissed as a matter of law because Jones' allegations in support of a supervisory liability claim are so broad and conclusory they should be disregarded. (ECF 12 at 1).[4]  To establish a claim for supervisory liability under § 1983, the claim must be supported with evidence: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the

---

[3]   The court takes notice that Wexford is the contractual medical provider for inmates housed in Maryland Division of Correction facilities.

[4]   To the extent Jones has named Wexford as a party to this action under the theory of vicarious liability known as *respondeat superior*, the law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love–Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no *respondeat superior* liability under § 1983).

supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Defendants maintain Jones fails to identify a supervisor with this knowledge or to specify any incidents of a failure to provide adequate pain medication, beyond his own circumstances, to show a pervasive and unreasonable risk of constitutional injury posed to inmates. The court agrees, and Wexford will be dismissed from this action as a defendant.

Defendants also claim entitlement to qualified immunity, citing *Filarsky v. Delia*, 132 S.Ct. 1657, 1667–68 (2012). Filarsky overturned the denial of qualified immunity to an attorney retained by the City of Rialto, California to assist in an internal investigation concerning a firefighter's potential wrongdoing. *Id*. at 1666.  Defendants fail to demonstrate that *Filarsky* has been extended to contractual health care providers working in detention centers or correctional facilities, and the holding in *Filarsky* will not be extended in this case based on the limited record before the court.

In light of the above, the motion to dismiss will be granted as to Wexford Health Sources, Inc. The motion to dismiss will be denied as to defendants Ava Jourbert, M.D., Dawn Hawk, R.N., Kristi Cortez, R.N., and James Hunt, R.N., Bill Beeman, R.N.

A separate Order follows.


Date: <u>August 31, 2015</u>                                     <u>        /S/        </u>
                                                            Catherine C. Blake
                                                            United States District Judge